UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,               )
                                        )
                                        )
            Plaintiff,                  )
                                        ) Case No.
            vs.                         ) 14-CR-3106-MDH
                                        )
                                        )
ANTHONY M. MASSONI,                     )
                                        )
            Defendant.                  )



CHANGE OF PLEA
BEFORE THE HONORABLE M. DOUGLAS HARPOOL
WEDNESDAY, MAY 25, 2016; 1:06 P.M.
SPRINGFIELD, MISSOURI




APPEARANCES:

FOR THE PLAINTIFF:          MR. RANDY EGGERT
                            UNITED STATES ATTORNEY'S OFFICE
                            901 St. Louis, Ste. 500
                            Springfield, Missouri  65806


FOR THE DEFENDANT:          MR. SHANE P. CANTIN
                            CARVER, CANTIN & MYNARICH
                            901 E. St. Louis, Ste. 1600
                            Springfield, MO  65806


COURT REPORTER:             MS. JEANNINE RANKIN, RPR, CSR
                            UNITED STATES DISTRICT COURT
                            222 N. Hammons Parkway
                            Springfield, MO  65806


    Proceedings recorded by mechanical stenography;
transcript produced by computer.

```
 1                    USA v ANTHONY M. MASSONI

 2                  CASE NO. 14-CR-3106-MDH

 3                       CHANGE OF PLEA

 4                        May 25, 2016

 5                    *   *   *   *   *   *

 6         THE COURT:  We are here to consider a change of plea

 7   by defendant Anthony M. Massoni.  Who appears on behalf of the

 8   United States?

 9         MR. EGGERT:  Randy Eggert for the United States

10   Attorney's Office, Your Honor.

11         THE COURT:  And on behalf of the defendant?

12         MR. CANTIN:  Shane Cantin here with Mr. Massoni,

13   Your Honor.

14         THE COURT:  Mr. Massoni, would you stand.

15         My name is Doug Harpool.  I'm the federal district

16   judge that has responsibility to preside over the case and

17   charges that are pending against you.  That means it's my job

18   to make sure that you get the rights to which you're entitled,

19   make sure that we follow the proper procedures.  In order for

20   a defendant to change a plea, there are certain findings that

21   I have to make to make sure that the circumstances surrounding

22   the change of plea are appropriate and legal and to find out

23   that you understand the consequences of that decision.  Do you

24   understand that's why we're here today?

25         THE DEFENDANT:  Yes, Your Honor.
```

```
 1            THE COURT:  I'm going to ask you several questions

 2  and we're going to make a record of the issues that I need to

 3  cover.  You'll need to be under oath so that I have sworn

 4  testimony to support any finding I might make regarding your

 5  change of plea.  Okay?

 6            THE DEFENDANT:  Yes, Your Honor.

 7            THE COURT:  Raise your right hand, please.

 8            (Defendant duly sworn by Court.)

 9            THE COURT:  Now, because you're under oath, please

10  make sure that you understand my questions before you answer

11  them.  I'd be glad to rephrase any question that you don't

12  understand.  If a issue concerning your rights come up, you

13  feel free to lean over and whisper to your attorney whatever

14  questions you might have and we'll give you time to get that

15  resolved.  Okay?

16            THE DEFENDANT:  Okay.  Yes, Your Honor.

17            THE COURT:  State your full name.

18            THE DEFENDANT:  Anthony Mark Massoni.

19            THE COURT:  And your age?

20            THE DEFENDANT:  Forty-two.

21            THE COURT:  What is your educational background?

22            THE DEFENDANT:  High school diploma.

23            THE COURT:  You can read and write?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  The Court has been presented a plea
```

3

```
 1   agreement.  Did you sign that plea agreement?

 2              THE DEFENDANT:  Yes, sir.

 3              THE COURT:  Did you read the plea agreement?

 4              THE DEFENDANT:  Yes, sir.

 5              THE COURT:  Have you had the opportunity to discuss

 6   the plea agreement with your attorney?

 7              THE DEFENDANT:  Yes, sir.

 8              THE COURT:  I don't want you to tell me anything

 9   precisely that your client told you, but I want to see if

10   certain topics were covered.  Did he talk to you about the

11   strengths and weaknesses of the government's case against you?

12              THE DEFENDANT:  Yes, Your Honor.

13              THE COURT:  Did he talk to you about the potential

14   range of punishment that you would face if you pled guilty?

15              THE DEFENDANT:  Yes, Your Honor.

16              THE COURT:  Did you talk about the benefits and

17   pitfalls of a decision to plead guilty?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Did he talk to you about your rights to

20   a jury trial?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  Were there general discussions about the

23   process that would be followed during sentencing?

24              THE DEFENDANT:  Yes, Your Honor.

25              THE COURT:  Do you feel you've had the opportunity
```

4

1  to ask your lawyer all the questions that you have about your

2  plea?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Are you satisfied that he was able to

5  answer those questions?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Are you satisfied with the services he's

8  provided you?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  One of the findings I have to make is

11  pertaining to your understanding or competency to participate

12  in these proceedings, so I'm going to ask you some questions

13  and I ask them of every defendant.  I don't want you to think

14  I'm insinuating anything by my questions but in order to make

15  our record complete, they're topics I need to cover.

16          Do you believe that you are competent to participate

17  in this hearing?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Have you been competent during the

20  period of time that you have discussed with your lawyer the

21  provisions of the plea agreement?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Are you now or have you been at any time

24  during the discussions of the plea agreement under the

25  influence of any street drug?

```
 1              THE DEFENDANT:  No, Your Honor.

 2              THE COURT:  Any prescription medication?

 3              THE DEFENDANT:  Yes, Your Honor.

 4              THE COURT:  Any that impacts your ability to

 5      understand or perceive information?

 6              THE DEFENDANT:  No, Your Honor.

 7              THE COURT:  Have you been under the influence of any

 8      alcohol at any time that you've been discussing this plea

 9      agreement or are you now?

10              THE DEFENDANT:  No, Your Honor.

11              THE COURT:  Do you suffer from any mental illness?

12              THE DEFENDANT:  No, Your Honor.

13              THE COURT:  Do you know of any reason why you would

14      not have been competent to have discussed the terms of the

15      plea agreement with your attorney or to participate in this

16      hearing today?

17              THE DEFENDANT:  No, Your Honor.

18              THE COURT:  I asked you earlier if you signed the

19      agreement.  Was that a decision you came to voluntarily

20      considering the circumstances in which you find yourself?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  Has anybody threatened you or your

23      family members or anyone you care about with any type of

24      financial harm or physical injury in order to try to persuade

25      you to change your plea to guilty?
```

6

1              THE DEFENDANT:  No, Your Honor.

        2              THE COURT:  Has anybody made any promises to you or

        3    to any of your family members that they will do something

        4    favorable to you if you would just admit that you were guilty

        5    of this crime?

        6              THE DEFENDANT:  No, Your Honor.

        7              THE COURT:  So the decision to sign the plea was one

        8    that was voluntary?

        9              THE DEFENDANT:  Yes, Your Honor.

       10              THE COURT:  Do you think it's in your best legal

       11    interests?

       12              THE DEFENDANT:  Yes, Your Honor.

       13              THE COURT:  I'm going to talk about some of the

       14    specifics of the plea agreement with you.  I'm not going to go

       15    over every word and paragraph.  Your attorney has done that

       16    with you, correct?

       17              THE DEFENDANT:  Yes, Your Honor.

       18              THE COURT:  I am going to go over some of the major

       19    paragraphs, understanding every paragraph is important but a

       20    few of the ones I want to highlight with you.  Okay?

       21              THE DEFENDANT:  Yes, Your Honor.

       22              THE COURT:  In Paragraph 2 of the proposed agreement

       23    you would change your plea from not guilty, which it now is,

       24    to guilty.  Understand the consequence of changing that plea

       25    means you go from being presumed innocent of the law to the

                                          7

1  position of being guilty in the eyes of the law; you

2  understand that's the impact of changing your plea?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  In Paragraph 2 of this agreement, you

5  plead guilty or would plead guilty to Count 1 of the second

6  superseding indictment.  That charges you with a violation of

7  21 U.S.C. 841(a) and (b)(1)(A) and Section 846.  Those are

8  just the fancy statutory references to the crime of conspiracy

9  to distribute 500 grams or more of a mixture or substance

10 containing a detectible amount of methamphetamine.  Are you

11 aware that if I accept this plea agreement, you will be

12 admitting that you are guilty of that crime?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  In addition, you would be pleading

15 guilty to Counts 28 and 59 of the second superseding

16 indictment.  They charge you with a violation of 18 U.S.C.

17 922(g)(3) and 924(a)(2).  That's the crime of possession of a

18 firearm by a drug user.  Are you aware that in this plea

19 agreement you plead guilty to both of those crimes?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  And that if I accept this plea

22 agreement, you will be deemed guilty of those crimes in the

23 eyes of the law?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Also in the agreement you forfeit to the

8

```
 1   United States property that is described in Forfeiture
 2   Allegations 4, 9 and 12 of the second superseding indictment.
 3   Are you aware that by entering into this plea agreement you
 4   admit that you knowingly committed the offenses, are guilty of
 5   the offenses and that the property described in those
 6   forfeiture allegations would be forfeited, any interest you
 7   had in them would be forfeited?
 8            THE DEFENDANT:  Yes, Your Honor.
 9            THE COURT:  The U.S. Congress determines the
10   sentencing range for sentences, the statutory authorized
11   punishment we call it, and I want to make sure that you
12   understand what that is.  For the violation of Count 1, which
13   is Count 1 of the second superseding indictment, that's the
14   conspiracy to distribute 500 grams or more of a mixture or
15   substance containing a detectible amount of methamphetamine,
16   the Congress has said the minimum penalty by statute that this
17   Court could impose is not less than ten years in prison, and
18   the maximum penalty the Court could impose is not more than
19   life in prison; that in addition your sentence would have not
20   less than five years of supervised release, up to a
21   $10 million fine and a $100 mandatory special assessment.  Are
22   you aware that's the punishment for the Count 1, the 500 grams
23   or more of methamphetamine?
24            THE DEFENDANT:  Yes, Your Honor.
25            THE COURT:  That's a Class A felony under the law.
```

The other crimes, the Counts 28 and 29 (sic), the firearms by a drug user, the maximum penalty the Court could impose is not more than ten years in prison, not more than two years of supervised release, a $250,000 fine -- up to -- $100 mandatory special assessment per felony due at the time of sentencing, and that those crimes are Class C felonies. Are you aware of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: As you noted that in the reading of the statutorily authorized sentence, that's a pretty broad range. Within that range it will be my decision -- or whichever judge ends up being your sentencing judge and I expect it to be me; unless something changes, it will be me -- to make that decision and in making that decision we will consult the U.S. Sentencing Guidelines. Have you had general discussion with your lawyer about those guidelines?

THE DEFENDANT: Yes, Your Honor.

THE COURT: It will require me to assign an offense level to your conduct based on numbers and guidelines contained in this thick book here and it will require me to assign a criminal history to you, and I have no idea what your criminal history is. It could be anywhere from one to six on the scale we use. Then we take your criminal history category and your offense level and we apply it to a chart and that tells us what your guideline sentence would be. That's the

10

1    same chart and numerical process used by every district judge

2    in the United States all across our country.  What I want you

3    to know now is while I'm sure your lawyer has done his very

4    best to predict what your guideline might be, that there's no

5    way for us to know what your guideline sentence would be until

6    we see the presentence investigation report and I make a final

7    decision on some rulings of law, or at least they may be

8    necessary.  So you understand that the predictions you've

9    received of your guideline sentence so far are best estimates

10   and not written in stone?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  In addition, under the sentencing laws

13   now in effect, a guideline sentence is adopted by me and that

14   is I calculate what it would be.  But the law affords a judge

15   the opportunity to sentence you above the guideline or below

16   the guideline depending on lots of factors as long as we give

17   you a sentence that is one authorized by Congress.  Do you

18   understand that?

19            THE DEFENDANT:  Yes, Your Honor.

20            THE COURT:  We are in federal court.  People often

21   hear about people getting sentences to prison and then they

22   only serve a little part of it.  I will tell you that's not

23   the federal system.  We have no parole in the federal system.

24   When you receive a sentence, you will serve that sentence.

25   There may be a little good time possibility or something but

11

1    generally you're going to serve that sentence and there will

2    be no parole.  Do you understand that?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  If on the day of your sentencing I give

5    you a sentence and you're disappointed by it -- and let me be

6    clear, I have no reason to believe that's going to happen.  I

7    don't even know what your -- your presentence investigation

8    report hasn't even been written yet.  But if it were to happen

9    and you be disappointed, I want to make sure you understand,

10   that wouldn't justify you trying to change the guilty plea you

11   entered today.  Once you enter this guilty plea,

12   disappointment with your sentence isn't going to be grounds

13   for you to try to revoke it and go back to not guilty plea;

14   you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  I mentioned earlier that your sentence

17   would likely include -- it will include a period of supervised

18   release.  Now, that's a period of time in the federal system

19   where after you've done whatever prison term you might be

20   required to serve, that you then have to answer to a probation

21   officer and follow rules that I will establish on the date of

22   your sentencing.  Those rules not only include reporting to a

23   probation officer but they can include mandatory drug testing,

24   they can include some financial reporting, they can include

25   orders to go to counseling or rehab, orders to stay away from

```
 1   other felons, all types of rules like that.  If you fail to
 2   follow those rules under the federal system, you can be sent
 3   back to prison for a period of time.  Do you understand that?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  I mentioned to you earlier that you're
 6   presumed innocent under the law.  One way to give up that
 7   presumption, of course, is a plea of guilty.  The other way to
 8   lose that presumption is to go to jury trial.  So I want to
 9   make sure you understand that you do have a right to jury
10   trial.  That's important for our system that the record
11   reflect that you understood that.  So you do have a right to a
12   jury trial to determine your guilt and innocence; do you
13   understand that?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  At that jury trial you would have 12
16   jurors.  All 12 would have to unanimously agree that you're
17   guilty before you would be deemed guilty in the eyes of the
18   law.  Do you understand that?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  At that trial the burden would be on the
21   government to prove and convince those jurors beyond any
22   reasonable doubt of your guilt.  Do you understand that?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  At trial if you couldn't afford an
25   attorney, we would provide one for you and your lawyer would
```

13

1  get to cross-examine, impeach and confront every witness and

2  every item of evidence that the government would try to

3  introduce against you.  Do you understand that?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  At trial your lawyer would get to

6  present evidence on your behalf.  If a witness was reluctant

7  to come and testify that your attorney thought would be

8  helpful for you, I could use the power of this court to try to

9  compel them to attend.  In addition, you would have a right to

10 testify at your trial, but if you wanted to remain silent, I

11 would protect that right; I would not allow anyone to put you

12 on the stand or ask you questions and would even instruct the

13 jury that that shouldn't be held against you.  Do you

14 understand those rights?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  At that trial if I were to make a

17 mistake of law or evidence, you would have the opportunity to

18 appeal me to the Eighth Circuit Court in St. Louis and try to

19 get my ruling reviewed.  Do you understand that right?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  If I accept your pleas of guilty in this

22 plea agreement, then you understand your guilt will be

23 established and you'll be waiving all of those rights of jury

24 trial associated with determining whether you're guilty or

25 not?  Do you understand that?

14

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  There's one other provision

3     in the agreement I want to go to before we talk about the

4     facts of the case, and that's Paragraph 15.  In Paragraph 15

5     you waive certain appellate and post-conviction rights.

6     Appellate rights are to have my rulings reviewed and under

7     this you waive the right to raise certain issues on appeal.

8     You also waive the right to file certain post-conviction

9     lawsuits which defendants sometimes file to challenge their

10    conviction.  Are you aware that you are waiving those rights

11    in this agreement?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  I want you to turn to Paragraph 3 of the

14    agreement.  I know I do this out of order and I do it on

15    purpose because I want to cover all those other things before

16    we get to this.

17              In order to accept a guilty plea, I have to find

18    that the government has evidence that it could present to a

19    jury that if a jury believed that evidence would be sufficient

20    to find you guilty.  That's called the factual basis for the

21    finding of guilt.  In this agreement your attorney and the

22    government have carefully worded Paragraph 3 which starts on

23    page 2 of the agreement and goes all the way over to page 5.

24    It's the single-spaced part there.  It talks about the

25    specific facts of the circumstances around your guilt and your

15

1  involvement in this particular conspiracy.  I want you to make
2  sure that it's absolutely accurate because it has two
3  consequences.  One is it allows me to find you guilty, and if
4  that's what you want to plead, that's fine, but the specifics
5  of what are in there can also affect your sentencing
6  guidelines.  They can affect what number is assigned to your
7  offense level.  So have you read Paragraph 3 very carefully?
8           THE DEFENDANT:  Yes, Your Honor.
9           THE COURT:  Gone over it with your lawyer in detail?
10           THE DEFENDANT:  Yes, Your Honor.
11           THE COURT:  He's experienced and I would have
12  expected him to spend some time with you on that particular
13  paragraph.
14           Is there anything in Paragraph 3 or any of the
15  little single-spaced paragraphs contained in Paragraph 3 of
16  the agreement that you believe is inaccurate?
17           THE DEFENDANT:  No, Your Honor.
18           THE COURT:  Paragraph 3 assigns certain conduct to
19  you.  Basically, it says you did certain things.  Is there
20  anything that Paragraph 3 says you did that is inaccurate or
21  things that you didn't do?  You want me to rephrase that?
22           MR. CANTIN:  May I have just a second?
23           THE COURT:  Yeah, go ahead.
24           MR. CANTIN:  May I, Your Honor?
25           THE COURT:  Go ahead.

16

1    MR. CANTIN:  The hesitation here, Your Honor, is

2 that this paragraph does recite the overall conspiracy and the

3 roles of everyone else.

4    THE COURT:  I understand what you're saying.  Let me

5 narrow my question.

6    I'm interested in two things.  One is is there

7 something in here about the conspiracy that you know to be

8 wrong?  And I think you told me earlier there's nothing that

9 you know to be incorrect in here, correct?

10    THE DEFENDANT:  Yes, Your Honor.

11    THE COURT:  Is there anything in here that it says

12 you did, things that you definitely would know about your

13 participation that is inaccurate?

14    MR. CANTIN:  The only thing, Judge, and it's not

15 consequential, I believe, to the actual plea agreement or what

16 we're accomplishing here, but Kenna Harmon had made a

17 statement -- Kenna Harmon being the main target of this

18 investigation -- she make a statement that included her

19 description of things that Anthony did as it relates

20 specifically to methamphetamine, the drug itself.  Tony has

21 disputed that.  While I believe that Kenna Harmon said those

22 things and Tony believes that Kenna Harmon said those things,

23 he doesn't agree that she's being truthful.

24    THE COURT:  Are those things contained in

25 Paragraph 3?

17

```
 1                MR. CANTIN:  I think they were just very briefly.

 2                THE COURT:  Let's point those out so they'll be

 3     clear.

 4                MR. CANTIN:  And I apologize because there have been

 5     several different revisions of this particular plea agreement

 6     although I don't believe they were related to the factual

 7     basis.

 8                THE COURT:  I don't want him to admit that he did

 9     something if the only reason it's in here is because somebody

10     else says he did it and he denies doing it.

11                MR. CANTIN:  Yes, sir, I understand.

12                It's not in this version, Your Honor.  I apologize.

13                THE COURT:  That's fine.  Better to be sure --

14                MR. CANTIN:  Yes, sir.

15                THE COURT:  -- before we get into something

16     confusing later at sentencing.

17                So the answer to my question, then, are the things

18     in Paragraph 3, the conduct that it assigns to you,

19     Mr. Massoni, those are indeed things you admit you did?

20                THE DEFENDANT:  Yes, Your Honor.

21                THE COURT:  All right.  Any further record under

22     Rule 11 which the government wants me to make?

23                MR. EGGERT:  No, Your Honor.  Thank you.

24                THE COURT:  Anything further under Rule 11 the

25     defendant wants me to cover?
```

18

1                    MR. CANTIN:  No, Your Honor.  Thank you.

2                    THE COURT:  Mr. Massoni, I have completed covering

3       the topics that I have to cover in order to fulfill my

4       responsibility and decide whether to accept this plea

5       agreement.  After I have reviewed the information with you

6       concerning the plea agreement, do you still want this Court to

7       approve the plea agreement?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  Do you still want to plead guilty to the

10      three crimes that you plead guilty to in the plea agreement?

11                   THE DEFENDANT:  Yes, Your Honor.

12                   THE COURT:  The Court finds that the defendant is

13      competent to have negotiated and entered into the plea

14      agreement and to participate in this hearing.  The Court finds

15      that the plea agreement and pleas contained therein have been

16      entered by the defendant understandingly, knowingly and

17      voluntarily.  The Court finds that the pleas have been entered

18      after the defendant received full, competent and capable

19      services and advice of legal counsel and after the defendant

20      has been fully advised of the consequences of entering the

21      guilty pleas contained in the plea agreement.  The Court finds

22      that there is a factual basis for each of the guilty pleas

23      contained in the plea agreement.  The Court therefore approves

24      the plea agreement and accepts defendant's plea of guilty to

25      the crime of conspiracy to distribute 500 grams or more of a

19

1  mixture or substance containing a detectible amount of
2  methamphetamine as charged in Count 1 of the second
3  superseding indictment.  The Court accepts the guilty plea and
4  finds the defendant guilty of Counts 28 and 59 of the second
5  superseding indictment charging him with violation of 18
6  U.S.C. 922(g)(3) and 924(a)(2); that is, possession of a
7  firearm by a drug user.  The Court upon proper motion will
8  file a preliminary forfeiture order.  The Court is going to
9  order a presentence investigation now by the probation office.
10        Let me briefly tell you what's going to happen.  The
11  probation office will write a report.  You'll have the right
12  to have input into the report, if you want to.  Sometimes
13  lawyers think it's better not to; that's between you and your
14  lawyer.  It will tell me about your education, your
15  employment, your family, your mental health, your health, your
16  criminal history, your particular involvement in this crime,
17  largely probably what's in the plea agreement.  Then they'll
18  do a calculation of the sentencing guidelines that I've talked
19  to you about.
20        When you get a copy of that report, your lawyer and
21  you will go over it.  If you think there are inaccuracies in
22  it, normally contact the probation office and let them know
23  that.  If those can't be worked out or if there's a
24  disagreement, then I rule on the day of your sentencing as to
25  any objections that are pending.  That's one reason why nobody

Case 6:14-cr-03106-MDH   Document 884   Filed 03/30/17   Page 20 of 24

1   can tell you exactly what the guidelines are going to say for
2   sure because we don't know what the report is going to say, we
3   don't know what objections your lawyer will file, and we don't
4   know how I would rule on those objections if he did file them.
5   So the best he could do is give you an estimate.

6           At your sentencing hearing I'm going to remind you
7   of what the statutorily authorized sentence is, then I'm going
8   to do the guideline calculation that I just mentioned, then
9   each of the lawyers will get an opportunity to argue factors
10  contained in the law at Title 18, Section 3553(a).  That's a
11  lot of factors that a judge can consider because the law
12  requires me to sentence you to a sentence which is sufficient
13  but not greater than necessary to meet the objectives of the
14  sentencing laws.  So there's a lot of factors that they can
15  argue, some they may not argue but I'll consider them anyway
16  in making my decision.

17          Then at your hearing I'll give you a chance to say
18  something to me, if you want to.  Understand, it is not an
19  obligation, you don't have to say a word, and I'll not hold it
20  against you if you choose not to say anything, but if you want
21  to say something, I'll give you that right, I'll give you that
22  opportunity, but I want you to make sure that you've discussed
23  in detail with your lawyer what you plan to say before the
24  hearing so he can give you the benefit of his experience and
25  advice.

```
1          At the conclusion of your sentencing hearing, I'll
2   make a decision on what your sentence should be.  I won't make
3   a decision until the conclusion of the hearing but obviously
4   between now and then I'll be reviewing briefs that will be
5   submitted by the attorneys, if any, sometimes letters are
6   submitted, references, things like that.  I will have
7   considered everything before the hearing starts but I don't
8   make that final decision until we go through the process and I
9   get to hear everything everybody has to say.  Okay?
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  Given the crime that you have admitted
12  to, I think I am now required to have you taken into custody.
13  You're prepared to do that today?  You're aware of that?
14          THE DEFENDANT:  Yes, Your Honor.
15          MR. CANTIN:  We have discussed that, yes, sir.
16          THE COURT:  I assume that's your position, isn't it,
17  Mr. Eggert?
18          MR. EGGERT:  Oh, yes, it is, Your Honor.  Thank you.
19          THE COURT:  Given the crime, I assume.
20          MR. EGGERT:  Yes.
21          THE COURT:  So I'm going to now order that you be
22  placed in the custody of the marshals.  You'll remain in their
23  custody until your sentencing.  Then at sentencing, after
24  sentencing you'll remain in a local facility, I don't know
25  which one, it's up to them, but until your sentencing and then
```

Case 6:14-cr-03106-MDH   Document 884   Filed 03/30/17   Page 22 of 24

```
 1  after sentencing the Bureau of Prisons will assign you to a
 2  facility to serve whatever prison time you would receive.
 3  Okay?
 4           THE DEFENDANT:  Yes, Your Honor.
 5           THE COURT:  All right.  Have the marshals take
 6  custody of the defendant.  We'll be in recess.
 7           (Court stands in recess at 1:34 p.m.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

23

```
 1                  CERTIFICATE OF OFFICIAL REPORTER
 2        I, Jeannine M. Rankin, Federal Official Court Reporter,
 3   in and for the United States District Court for the Western
 4   District of Missouri, Southern Division, do hereby certify
 5   that the foregoing is a true and correct transcript of the
 6   stenographically reported proceedings.
 7
 8
 9
10
11                          /s/ Jeannine M. Rankin
12   Date:      03/30/17      Jeannine M. Rankin, CCR, CSR, RPR
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 6:14-cr-03106-MDH  Document 884  Filed 03/30/17  Page 24 of 24